UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BINDIYA CHURAMAN-JADOO,

                                Plaintiff,

                    -against-

ABRAHAM DANIELS, ADAM DANIELS,
AARON DANIELS and ABRAHAM
DANIELS REAL ESTATE INVESTORS,
INC.,

                                Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
23-CV-08482 (JMA) (LGD)

**FILED**
**CLERK**

9/10/2025 2:11 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

      Plaintiff Bindiya Churaman-Jadoo ("Plaintiff") brings several employment-related claims against Defendants Abraham Daniels, Adam Daniels, Aron Daniels, and Abraham Daniels Real Estate Investors, Inc. (collectively, "Defendants").[1] (See ECF No. 1.) These claims include (1) breach of contract; (2) unpaid wages and failure to maintain payroll records pursuant to NYLL; (3) unpaid wages and failure to maintain payroll records pursuant to FLSA; (4) sexual harassment and hostile work environment pursuant to NYSHRL; (5) sex and race discrimination and unlawful termination pursuant to Title VII and 42 U.S.C. § 1981; (6) sex and race discrimination pursuant to the New York City Human Rights Law ("NYCHRL"); and (7) "Ratification." (See id.) Defendants move to dismiss three of those claims as legally insufficient pursuant to Rule 12(b)(6): the Title VII claim in Plaintiff's Fifth Claim for Relief, the NYCHRL claim in Plaintiff's Sixth Claim for Relief, and the purported cause of action for "ratification" in Plaintiff's Seventh Claim for Relief. (See ECF No. 33-4 ("Defs.' Br.").) Defendants also move for sanctions pursuant to rule

---

[1] The Court presumes familiarity with the procedural posture and facts of this case and only recites the facts relevant to the instant motion.

11(c).  (See id.)  For the reasons that follow, Plaintiff's Title VII, NYCHRL, and Ratification Claims for Relief are dismissed, and the Court will not impose sanctions at this time.

## I. BACKGROUND[2]

Plaintiff was employed as an office administrative worker for Defendant Abraham Daniels Real Estate Investors Inc. ("ADRE"), a family-owned real estate company with a portfolio of over 50 properties, from approximately January 10, 2000 through November 21, 2022.  (Compl. ¶¶ 5, 17.)  Plaintiff was employed by ADRE at its offices and principal place of business located at 45 Cuttermill Road, Great Neck, New York 11201, which is within Nassau County.  (Id. ¶¶ 6, 11.)  Defendant Abraham Daniels was the Chief Executive Officer of the company, and Defendants Adam Daniels and Aaron Daniels were supervisors.  (Id. ¶ 8.)  Plaintiff alleges that despite consistently working in excess of 40 hours per week, Plaintiff was not paid overtime rates.  (Id. ¶¶ 23-33.)  Plaintiff further alleges that Defendants failed to keep accurate records regarding wages and failed to provide wage notices to Plaintiff.  (Id. ¶¶ 32-41.)

In addition to these wage claims brought by Plaintiff, Plaintiff also alleges that in or about November 2022, the individual Defendants began a campaign of harassment and oppression against Plaintiff, creating a hostile work environment.  (Id. ¶ 64.)  Plaintiff alleges that this hostile work environment involves the frequent use of racial slurs in a derogatory manner towards employees and prospective employees.  (Id. ¶¶ 65-69.)  Additionally, the individual Defendants allegedly discriminated against Plaintiff on the basis of her gender by making sexually inappropriate gestures and comments and kissing her on her cheeks without permission.  (Id. ¶¶ 70-74.)  The individual Defendants also made inappropriate and sexist comments targeting other female employees in the office in furtherance of the hostile work environment.  (Id. ¶¶ 75- 80.)

---

[2] The facts set forth in this Opinion are drawn from Plaintiff's Complaint, (ECF No. 1 ("Compl.")), and the parties' submissions in connection with Defendants' motions to dismiss.  For ease of reference, the Court refers to Defendants' motion to dismiss as "Defs.' Br." (ECF No. 33-4) and to Plaintiff's opposition brief as "Pl.'s Opp." (ECF No. 33-7).

According to Plaintiff, the foregoing actions of the individual Defendants led to her resignation on November 21, 2022.  (Id. ¶ 81.)

Though not mentioned in the Complaint, prior to filing the Complaint, Plaintiff filed an administrative charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").  The EEOC later, at the request of Plaintiff and Counsel, issued a dismissal and notice of right to sue dated May 23, 2023 ("Dismissal"), which was mailed to both Plaintiff and Counsel.[3]  (See ECF No. 33-2 ("Ex. A").)  The Dismissal specifically advised Plaintiff and Counsel that Plaintiff needed to file a lawsuit under Title VII within 90 days of receiving the Dismissal, or her right to sue based on the claims raised in the Charge would be lost.  (Id.)

Nearly six months later, on or about November 15, 2023, Plaintiff's counsel filed the instant complaint in the U.S. District Court, Eastern District of New York against Defendants.  (See ECF No. 1.)  In the Complaint, Plaintiff asserts, inter alia, the following three causes of action: Harassment and discrimination under Title VII (part of Plaintiff's Fifth Claim for Relief); Harassment and discrimination under NYCHRL (Sixth Claim for Relief); and "Ratification" (Seventh Claim for Relief).  (Id.)  Plaintiff failed to attach the Dismissal to the Complaint and does not mention in the Complaint the date on which she or Counsel received the Dismissal.  Indeed, Plaintiff does not mention the EEOC or her Charge in the Complaint at all.  (See id.)

On December 27, 2023, defense counsel sent a letter to Plaintiff's counsel via email, demanding that the three claims be withdrawn immediately and with prejudice.  (See ECF No. 33-3 ("Ex. B").)  In this letter, Defendants noted that the three Claims were frivolous and futile, citing case law in support.  (See id.)  Defendants then filed a pre-motion conference letter regarding a potential motion to dismiss the three claims, which Plaintiff opposed.  (See ECF Nos. 11, 15.)  This

---

[3] The Court takes judicial notice of the EEOC dismissal and notice of right to sue for the purposes of deciding the instant motion.

Court held a pre-motion conference on April 18, 2024, at which the Court granted Plaintiff's request for one month to amend the Complaint. (See ECF No. 17.) The Court cautioned Plaintiff's counsel that the three claims appeared to lack merit, noting that the Court would entertain Rule 11 sanctions if Plaintiff failed to withdraw them. (See ECF No. 17; Krebs Decl. ¶¶ 4-5.) Plaintiff failed to file an amended complaint by the deadline, and Defendants filed the instant motion to dismiss the three claims after an unsuccessful attempt at mediation between the parties. (See ECF Nos. 23, 27, 31, 33.)

## II.     LEGAL STANDARDS

### A.     Failure to State a Claim

Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Courts evaluate motions under Rule 12(b)(6) by determining whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). That standard requires the Court to accept as true all well-pled factual allegations in the Complaint and consider documents attached to that pleading, materials incorporated by reference in or integral to that pleading, and matters of which the court may take judicial notice. See Clark v. Hanley, 89 F.4th 78, 93 (2d Cir. 2023). The Court need not accept conclusory assertions, legal conclusions, or formulaic recitation of a claim's elements. See, e.g., In re Facebook, Inc., IPO Derivative Litig., 797 F.3d 148, 159 (2d Cir. 2015). To be sure, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 664; see also id. at 678 (explaining that a complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Determining whether the Complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 664.

### B. Rule 11 Sanctions

Rule 11 states that any person who signs a pleading, such as a complaint, certifies with that signature, among other things, that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading is "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and contains claims that "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." FED. R. CIV. P. 11(b)(1) and (2); see also Kyros Law P.C. v. World Wrestling Ent., Inc., 78 F.4th 532, 543 (2d Cir. 2023). If the pleading fails this test, the other party may seek sanctions under Rule 11(c). Where a party is represented, a motion for sanctions based on a violation of Rule 11(b)(2) must be brought against their counsel, not the party themselves (though a violation of Rule 11(b)(1) is not so restricted). See, e.g., Rule 11(c)(5)(A); Gurary v. Winehouse, 235 F.3d 792, 798 (2d Cir. 2000) (monetary sanctions may not be awarded against a represented party for a violation of 11(b)(2) because "'responsibility for such violations is more properly placed solely on the party's attorneys'") (citations omitted)).

### III. DISCUSSION

### A. Plaintiff's Title VII Claim is Untimely

Here, Plaintiff's Title VII Claim is untimely, as it was filed more than 90 days after Plaintiff received the dismissal and notice of right to sue from the EEOC. To sufficiently plead a Title VII cause of action, a plaintiff must first exhaust administrative remedies by (i) filing an administrative charge with the EEOC within 300 days after an alleged unlawful employment practice occurred, (ii) receiving a right-to-sue letter from the EEOC, and (iii) suing in court within 90 days of receiving that right-to-sue letter. See, e.g., Duplan v. City of New York, 888 F.3d 612, 621-22 (2d Cir. 2018) (citations omitted). In pleading sufficient facts for a plausible Title VII claim, Plaintiff

5

must show this exhaustion of administrative remedies in her Complaint as a precondition to raising the claim in court. Johnson v. Locke, No. 10-CV-3105, 2011 WL 1044151, at *6 (S.D.N.Y. Mar. 14, 2011); see also Francis v. City of N.Y., 235 F.3d 763, 768 (2d Cir. 2000) ("exhaustion of administrative remedies through the EEOC stands as 'an essential element of Title VII's statutory scheme,' and one with which defendants are entitled to insist that plaintiffs comply") (citation omitted)). "The 90-day time period is strictly enforced and cannot be extended by even one day." Perez v. Metro. Transp. Auth., No. 11-CV-8655, 2012 WL 1943943, at *10 (S.D.N.Y. May 25, 2012) (cleaned up). Rule 12(b)(6) is the appropriate vehicle to evaluate the sufficiency of a plaintiff's efforts to exhaust such remedies. See, e.g., Holowecki v. Fed. Express Corp., 440 F.3d 558, 565 (2d Cir. 2006).

The "90-day filing period commences when the plaintiff would be expected to receive the right-to-sue letter, and there is a presumption that [a right-to-sue letter] properly mailed is not only received by the addressee, but also that it is received in the due course of the mails." Williams v. Manhattan E. Suite Hotels, No. 98-CV-6825, 1999 WL 212690, at *2 (S.D.N.Y. Apr. 12, 1999) (cleaned up). Receipt by a plaintiff's counsel also satisfies this requirement; accordingly, the 90-day period "begins to run on the date that a right-to-sue letter is first received either by the claimant or by the claimant's counsel, whichever is earlier." Tiberio v. Allergy Asthma Immunology of Rochester, 664 F.3d 35, 38 (2d Cir. 2011). Furthermore, there is "an assumption that 'notice provided by a government agency is mailed on the date shown on the notice,' and 'a mailed document is received three days after its mailing.'" Moore v. City of New York, No. 15-CV-4578, 2016 WL 3963120, at *7 (S.D.N.Y. July 21, 2016) (quoting Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525-26 (2d Cir. 1996)).

Here, Plaintiff ignores the 90-day filing requirement in her Complaint, but the record clearly reflects that Plaintiff's Title VII claims are time-barred. The EEOC issued the Dismissal

6

on May 23, 2023, mailing it to both Plaintiff and Counsel. (See Ex. A.) The Dismissal was sent to Plaintiff's and Counsel's correct addresses, which they provided to the EEOC, and which match the addresses identified in the Complaint, (compare Ex. A with ECF No. 1.) Even if it took the full three days for the Dismissal to reach Plaintiff and/or her Counsel, the 90-day filing period expired on August 24, 2023. But Plaintiff did not file the Complaint until November 15, 2023—almost *three months* too late. Plaintiff claims under Title VII are thus time-barred.

Separately, apart from being time-barred, Plaintiff's Title VII claims also do not apply to individuals. Plaintiff's Title VII claims against the individual Defendants thus fail as a matter of law because individuals are not subject to liability under Title VII. See, e.g., Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000) ("[I]ndividuals are not subject to liability under Title VII") (citation omitted)).

In Plaintiff's opposition, Plaintiff raises for the first time a new argument that Defendants' alleged "withholding of funds from Plaintiff's retirement plan" constitutes a "continuing violation" that tolls the 300-day limitations period for filing a charge with the EEOC. (Pl.'s Opp. at 8.) However, Plaintiff "cannot amend [her] complaint by asserting new facts or theories for the first time in opposition to [a] motion to dismiss." Vasquez v. N.Y.C. Dep't of Educ., No. 22-cv-03360, 2023 WL 2058773, at *4 (S.D.N.Y. Feb. 16, 2023). The Court gave Plaintiff an opportunity to amend her complaint, and Plaintiff failed to take advantage of this opportunity.[4] Instead, Plaintiff's counsel asserts these new facts in Plaintiff's opposition for the first time with no declaration, affirmation, or affidavit to accompany them. They therefore have no evidentiary value and do not

---

[4] Furthermore, Plaintiff failed to even request an extension of time to file an Amended Complaint or to file a new motion to file an Amended Complaint.

warrant consideration by the Court. See, e.g., Kulhawik v. Holder, 571 F.3d 296, 298 (2nd Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence").[5]

Furthermore, Plaintiff is not entitled to equitable tolling, as there are no "exceptional circumstances" which "prevented [her] in some extraordinary way from exercising [her] rights." Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003). Plaintiff made no attempt to file timely, and the claim raised in Plaintiff's opposition regarding fear of retaliation is not a basis for equitable tolling. See Pietri v. N.Y.S. Off. of Court Admin., 936 F. Supp. 2d 120, 136 n.14 (E.D.N.Y. 2013). No other extraordinary circumstances permit equitable tolling in this case.

Therefore, Plaintiff's Title VII claims are dismissed as time-barred and for failure to state a claim against the individual Defendants.

### B. Plaintiff's NYCHRL Claims Fail

Plaintiff's Sixth Claim for Relief asserts a claim pursuant to NYCHRL against all Defendants, but this claim fails because Plaintiff's complaint alleges discrimination based on her employment in Nassau County, which is outside of New York City and beyond the reach of the NYCHRL. See, e.g., Levy v. City Comm'n on Hum. Rights, 651 N.E.2d 1264, 1265-66 (N.Y. 1995) (the "Administrative Code of the City of New York vests in the New York City Commission on Human Rights the authority and jurisdiction to eliminate and prevent discrimination *within the City of New York*") (emphasis added)). Plaintiff has not alleged any facts in her Complaint indicating that the impact of the alleged discrimination occurred within the bounds of New York City. Instead, Plaintiff's complaint alleges that the events took place only at her workplace in Great Neck, New York, which is in Nassau County and outside of the scope of New York City. (See, e.g., Compl. ¶¶ 6, 11); see also Mejia v. White Plains Self Storage Corp., No. 18-CV-12189,

---

[5] Plaintiff did not assert these facts in her Complaint, and therefore the Court need not consider them. But even if it had, the Court would conclude that they do not alter the result, for the reasons articulated in Defendant's Reply Brief at pages 2-5. (See Defs.' Repl. at 2-5; Exs. C, D.)

8

2020 WL 247995, at *4 (S.D.N.Y. Jan. 16, 2020) ("The [NYCHRL] do[es] not apply to acts of discrimination against [City] residents committed outside [its] boundaries by foreign defendants. In analyzing where the discrimination occurred, courts look to the location of the impact of the offensive conduct.") (cleaned up).  Because Plaintiff has not alleged any facts indicating that the impact of the alleged discrimination occurred within the bounds of the City, and has instead alleged events that took place only at her workplace in Great Neck, Plaintiff's NYCHRL claim is dismissed.[6]

### C. Plaintiff Fails to State a Claim for "Ratification"

In the Seventh Claim for Relief, Plaintiff purports to assert an independent claim of "ratification."  Ratification, however, is not an independent cause of action.  Rather, it is a doctrine used to establish vicarious liability in other causes of action requiring evidence of an agency relationship to prove liability.  Cf. 1964 Realty LLC v. Consulate of the State of Qatar-New York, No. 14-CV-6429, 2015 WL 5197327, at *13 (S.D.N.Y. Sept. 4, 2015) ("ratification is a form of retroactive activity that occurs when the principal, having knowledge of the material facts, accepts the benefits of the agent's action already made on his behalf").  Defendants acknowledge that Plaintiff may need to demonstrate an agency relationship to establish her claims for personal liability against the Individual Defendants under the New York State Human Rights Law. (Defs.' Br. at 11.)  However, ratification is not an independent cause of action, and this claim is therefore dismissed.

### D. Sanctions

Despite Plaintiff's counsel's failure to amend the complaint or otherwise address the deficiencies noted with regards to these claims, the Court will not impose sanctions at this time.

---

[6] Again, Plaintiff was put on notice of these pleading deficiencies and given an opportunity to amend her Complaint, which she did not take advantage of.  Without any facts in the Complaint alleging discriminatory acts or impact in New York City, the NYCHRL claims fail.

9

Defendants have not cited any facts indicating that Plaintiff's counsel's conduct was an attempt to harass Defendants, nor do the deficiencies related to these three claims infect the entire pleading or significantly delay the litigation process. The Court is mindful that the parties were previously engaged in mediation efforts, which failed, and have since been continuing through the discovery process. Therefore, although Plaintiff's counsel's conduct may have run afoul of Rule 11, as a matter of discretion I decline to impose sanctions in this case. See Perez v. Posse Comitatus, 373 F.3d 321, 325–26 ("Even if the district court concludes that the assertion of a given claim violates Rule 11 . . . the decision whether or not to impose sanctions is a matter for the court's discretion.")

## IV.   CONCLUSION

For the reasons stated above, Defendants' partial motion to dismiss is granted, and Plaintiff's Title VII, NYCHRL, and Ratification Claims for Relief are dismissed. The Clerk is respectfully directed to terminate ECF No. 33.

**SO ORDERED.**

Dated:   September 10, 2025
        Central Islip, New York

                                        /s/ (JMA)
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE